## A. M. CAMPAU REALTY CO. *v.* CITY OF DETROIT.

1. BOUNDARIES—LANDS UNDER WATER—RIPARIAN RIGHTS.
   The boundary line between two adjoining riparian owners, as to the land covered by water, is not in any way dependent upon the direction of the lines on land, but the lines from the shore should run, as near as may be, perpendicular to the course of the stream.

2. APPEAL AND ERROR—PREJUDICIAL ERROR.
   On appeal from a decree which gave to appellant more than it was entitled to, no complaint may be made of the error.

Appeal from Wayne; Murfin, J.   Submitted June 7, 1910.   (Docket No. 11.)   Decided July 14, 1910.

Bill by the A. M. Campau Realty Company against the city of Detroit and others to quiet title to certain land. From a decree for complainant, defendants appeal.   Affirmed.

*William F. McCorkle* (*Beaumont, Smith & Harris*, of counsel), for complainant.

*Richard I. Lawson* (*P. J. M. Hally*, of counsel), for defendants.

STONE, J. The bill of complaint in this cause was filed to quiet complainant's alleged title to a triangular parcel of land and dock frontage in the city of Detroit, on the Detroit river; also to remove a cloud arising from defendants' claim of title thereto; also to permanently enjoin defendants from interfering with complainant's possession of the disputed land, and from removing complainant's buildings now standing thereon. The answer denies all material averments of the bill. It insists that the title to the disputed parcel is in the city, and that complainant is in wrongful possession thereof. Upon the hearing on pleadings and proofs a decree was entered for the complainant in accordance with the prayer of the bill, and the defendants have appealed.

In this court the complainant contended that the decree of the circuit court should stand for either of two reasons:

(*a*) The west line of the disputed triangle is the correct westerly line of that portion of complainant's lot 193.

(*b*) Or if this is not so, then complainant has acquired title to the disputed triangle by adverse possession.

It appears that the complainant is the owner of a parcel of land fronting on the Detroit river, bounded on the east by Randolph street, on the north by a public alley, and on the west by property belonging to the city of Detroit, and used by it for a public lighting plant. Complainant's property is described as lots 193 and 27 (the latter north of the former) of section 4, of Governor and Judges' plan of Detroit. This property is almost entirely covered by brick and sheet-iron buildings, which have been standing for many years. Upon the entire river front complainant and its predecessors in title have maintained a private dock, extending out into the river, with the same western boundary lines, for about 40 years.

The defendant city owns the property lying west of complainant's property. It comprises lots 192 and 170 ( the latter north of the former ) of said section 4, Governor and Judges' plan. It also has a dock along the front of its land.

The parcel in dispute is a triangle which was originally wholly under water. It has its apex at a point where the lot line, on land, between lots 192 and 193, intersects the old shore or water line. The easterly line of this triangle is this lot line extended out into the river to the thread of the stream. The westerly line of the disputed triangle is a line, extending from the apex of this triangle on the old shore line, and running out into the river to, and at right angles with, the thread of the stream. The westerly line of complainant's dock, and of a sheet iron shed standing on the dock, is identical with the westerly line of the disputed triangle.

The location of the disputed parcel can be seen from the following sketch, the lines A C and B C indicating the west and east lines of the triangle. C E D is a part of complainant's dock, and is included in the disputed triangle C A B.

It is well settled in this State that the boundary line between two adjoining riparian owners, as to the land covered by water, is not in any way dependent upon the direction of the lines on land, but that the lines from the shore should run, *as near as may be,* perpendicular to the course of the stream. *Clark* v. *Campau,* 19 Mich. 325; *Lorman* v. *Benson,* 8 Mich. 18 (77 Am. Dec. 435); *Rice* v. *Ruddiman,* 10 Mich. 125; *Bay City Gas-Light Co.* v. *Industrial Works,* 28 Mich. 182; *Maxwell* v. *Bay City Bridge Co.,* 41 Mich. 453, 466 (2 N. W. 639); *Backus* v. *City of Detroit,* 49 Mich. 110–114 (13 N. W. 380, 43 Am. Rep. 447); *Webber* v. *Pere Marquette Boom Co.,* 62 Mich. 626–636 (30 N. W. 469); *Grand Rapids Ice & Coal Co.* v. *South Grand Rapids Ice & Coal Co.,* 102 Mich. 227 (60 N. W. 681, 25 L. R. A. 815, 47 Am. St. Rep. 516); *Pittsburgh, etc., Iron Co.* v. *Lake*

*Superior Iron Co.*, 118 Mich. 109–125 (76 N. W. 395).

We do not understand that defendants' counsel disputes the above proposition, or its application to this case. We quote from his brief wherein he says:

"We are entirely satisfied, and agree with counsel for complainant, that the boundary line between adjoining riparian owners, as to the land covered by water, is not in any way dependent upon the direction of the lines on

land, but that the line from the shore should be run, as near as may be, perpendicularly to the course of the stream. *Clark* v. *Campau*, 19 Mich. 328. But the decree entered in the lower court in this case does not follow that rule of law, as a glance at the decree will disclose. At the bottom of page 6 of complainant's brief it is said:

"'The west line of the disputed triangle is a line running *approximately* at right angles to the thread of the stream.'

"Why not run the line *exactly* at right angles with the thread of the stream, and have the decree so declare, if it is to stand? No reason is given for the departure from the rule."

Complainant answers this criticism of the decree by stating that if the west line of the disputed parcel ran *exactly* at right angles to the thread of the stream, it would be placed still farther west than it is, and the undisputed evidence in the record supports this position. The witness George Jerome testified:

"The westerly line of the property in dispute, the dock property, we projected to the harbor line to make nearly a right angle. It would be less than a right angle. In other words, if the line made is a right angle, it would have to be carried a little bit further west."

Appellants would seem to have no reason to complain because of the line fixed by the decree.

Being of the opinion that the case is ruled by application, as between adjoining riparian owners, of the doctrine above stated, we do not consider the question of adverse possession.

The decree of the circuit court is affirmed, with costs.

Bird, C. J., and McAlvay, Brooke, and Blair, JJ., concurred.