PRAIRIE OIL & GAS CO. et al. v. STATE.
(No. 6128.)

(Court of Civil Appeals of Texas. June 2, 1919. Rehearing Denied July 5, 1919.)

1. INJUNCTION ⬦32 — RESTRAINING ACTION IN OTHER COUNTY.

While there may be circumstances under which a court has power to restrain a defendant from prosecuting suit in another court of equal jurisdiction and dignity, nevertheless comity and propriety dictate that such relief should not be granted save in extraordinary cases; hence defendant will not be restrained at the instance of the state from prosecuting in another county suits against those to whom the state had granted permits under Acts 35th Leg. c. 83 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5904–5904w), to prospect for oil, etc., on lands claimed by the state.

2. JUDGMENT ⬦702—CONCLUSIVENESS—PARTIES CONCLUDED—STATE.

As the state is not a party to suits against those to whom it had given permits under Acts 35th Leg. c. 83 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5904–5904w), to explore for oil on lands claimed to belong to the state, judgments rendered in such suits will not, under Rev. St. 1911, art. 5432, be binding against the state, the statute being limited to judgments rendered in suits between owners of older surveys and purchasers from the state; hence suit by the state to enjoin plaintiffs in such suits from proceeding or drilling on the boundary line, will not be dismissed on the theory that the state would be bound by judgments in the previous suits.

3. INJUNCTION ⬦136(2) — TEMPORARY INJUNCTION—OIL WELLS.

Where plaintiffs asserted rights in oil lands claimed by the state and obtained temporary injunctions restraining licensees of the state from proceeding with operations, the state is entitled to a temporary injunction restraining defendants from drilling wells on the line between their property and that in controversy, which wells would have the effect of draining the oil from under the lands in controversy.

Appeal from District Court, Travis County; George Calhoun, Judge.

Suit by the State of Texas against the Prairie Oil & Gas Company and others. From an order granting a temporary injunction, defendants appeal. Modified and affirmed.

W. J. Oxford, of Thurber, Chandler & Pannill, of Stephenville, Vinson, Elkins & Wood, of Houston, and Brooks, Hart & Woodward, of Austin, for appellants.

C. M. Cureton, Atty. Gen., and W. J. Townsend, W. A. Keeling, and W. F. Schenck, Asst. Attys. Gen., for the State.

KEY, C. J. The following statement copied from appellants' brief will sufficiently explain the matter involved in this appeal:

"This appeal is taken from the order of the judge of the district court of Travis county, Tex., Fifty-Third judicial district, granting a temporary injunction as prayed for by plaintiff. The order was entered upon the presentation to the judge of plaintiff's petition and without notice to any of the defendants, and without a hearing.

"The suit was filed January 29, 1919. The plaintiff is the state of Texas. The defendants are the Prairie Oil & Gas Company, the Texas & Pacific Coal & Oil Company, Mrs. B. F. Christmas, Raymond Christmas, Myrtle Christmas, Maston Christmas, Hazel Christmas, Jerome Christmas, W. J. Behrens, C. W. Baker, W. G. Swenson, C. L. Baston, W. A. Thompson, P. H. Van Winkle, J. M. Van Winkle, S. B. Bennett, and Mrs. Gretchen Bennett, all of whom are appellants herein.

"The state alleges that it is the owner of the legal and equitable title to the surface and to the minerals in and under certain described lands in Eastland county, Tex.; that said lands are chiefly valuable as a mineral property and for the development of oil and gas; that, acting under the provisions of chapter 83 of the Acts of the Regular Session of the Thirty-Fifth Legislature (Vernon's Ann. Civ. St. Supp. 1918, arts. 5904–5904w), on the several dates set forth in plaintiff's petition, it issued to certain named persons permits to prospect for and develop oil and natural gas on certain described parts of the land described in the petition; that, after the issuance of such permits, the parties to whom they were issued, or their vendees, or other persons lawfully entitled thereto, for said permittees, entered upon the lands for the purpose of prospecting for and drilling wells for oil and gas; that thereafter the appellants in this suit, claiming to be the owners of the lands and the minerals, brought suits in the district court of Eastland county, Tex., against two of the permittees of the state, which suits are alleged to be still pending in that court. The state alleges that by said suits the appellants herein are seeking to prevent the state's permittees from developing and extracting oil from said lands.

"The state specifically alleges that the appellants in this suit have obtained in one of the suits filed in the district court of Eastland county, Tex., prior to the institution of this suit, a temporary injunction against the state's permittees under one of its permits so issued on a part of said land, said restraining order being to the effect that such permittees and those claiming under them are enjoined from drilling upon the lands described in said suit and from finishing the wells which they had theretofore begun to drill on said lands. The state also alleges that another suit has been filed by the appellants in this cause against another of the state's permittees and those claiming under him as to another portion of the lands involved in this litigation, in which the appellants in this cause, who are plaintiffs in that case, also seek an injunction restraining the said persons from drilling upon the land described in that suit.

"It is also alleged that in one of the suits pending in the district court of Eastland county, in which these appellants were plaintiffs and the state's permittee, R. A. Hodges, and those claiming under him, were defendants, a temporary injunction was granted, from which an appeal is pending in the Court of Civil Appeals at El Paso, and that the case is now set for trial on its merits in the district court of Eastland county, and will be tried unless the injunction prayed for by the state in this cause is granted.

"The state alleges that the real and fundamental matter in controversy in said suits pending in Eastland county and in this suit is the title of the state to lands described in said suits.

"Amplifying its allegations relative to the Eastland county suits, the state alleges that prior to the institution of this suit in the district court of Travis county the appellants herein, as plaintiffs, filed in the district court of Eastland county a suit against the Gulf Production Company, which claims under one of the state's permittees the right to prospect and develop oil upon a portion of the land in controversy, and that said suit is now pending upon the docket of the district court of Eastland county awaiting a trial upon its merits.

"The state attaches to its petition, and makes the same a part hereof, certified copies of the petitions filed in each of the suits alleged to have been instituted and now pending in the district court of Eastland county, Tex. It also attaches and makes a part of its petition copies of the permits issued by the state to its several permittees claiming portions of the land in controversy.

"In addition to the foregoing allegations, the state alleges that the defendants are owners of certain lands adjoining those claimed by the state in this suit, and that appellants are boring wells along the dividing lines between their lands and the land so claimed by the state, and that, unless restrained by order of this court, they will, by means of these wells so sunk along the lines of said properties, be able to draw from under the land claimed by the state all of the oil thereunder, and thereby cause the state great and irreparable injury. It further alleges that it is the purpose of the appellants in instituting the said suits in Eastland county and in endeavoring to procure injunctions in said suits against the state's permittees to enable the said appellants to so drain from under the lands claimed by the state the oils and prevent the states permittees from obtaining said oil.

"The fifteenth paragraph of the state's petition reads as follows:

"'XV. Plaintiff shows to the court that each day of the continuance of each and all of the actions and things complained of against the defendants, and each and all of such acts, inflicts upon the plaintiff great and irreparable injuries, and that the same have interfered, and are interfering, and will continue to interfere with the plaintiff in the development of its oils and gases, and that by their acts they have deprived, and will continue to deprive, plaintiff of large amounts of revenue, or will greatly delay the

plaintiff in receipt thereof. Wherefore the plaintiff respectfully prays that an appropriate order be immediately entered restraining the defendants from continuing to drill, or from hereafter drilling, any oil or gas wells within 500 feet of any line of said lands and sufficiently near the line of plaintiff's lands to drain any portion thereof so long as the defendants, or any of them, have an injunction against the state's permittees or those acting thereunder, or so long as they are seeking an injunction against said parties, or any of them; that the defendants, their servants, agents, employés, assignees, or legal representatives, whether they have been persons, corporations, or firms, and their several agents, servants, and employés, be likewise enjoined, and on the final trial of this case that such injunction be made perpetual. Plaintiff also prays that the defendants, and each of them, be enjoined from prosecuting the two suits heretofore described in this petition pending in the district court of Eastland county, that a temporary injunction be issued to said effect, and that on final trial such injunction be made perpetual, or, if this cannot be done, that a receiver be appointed in accordance with section —— of this petition, and that such receiver be protected from interference on the part of defendants or any of their servants, agents, or employés, whether such interference be by trespasses or by suits of any kind or character, personal or legal action against such receiver, and that such receiver be continued until further orders of this court.'

"Upon presentation to Hon. George Calhoun, judge of the district court of Travis county, Tex., Fifty-Third judicial district, of the state's petition, without notice to any of the defendants, and without a hearing at which any of the defendants or their attorneys were present, the court in chambers entered the following order:

" 'In Chambers, Austin, Texas, Jan. 29th, 1919. On showing made, the application for a temporary injunction is granted as prayed for in paragraph XV of plaintiff's petition, and the clerk of this court will issue the writ for temporary writ of injunction enjoining the defendants, their agents, servants, and employés, as prayed for, except that, the application for receiver not being granted at this time, no injunction is issued against defendants to prevent them from interfering with any receiver until the further orders of the court herein made and entered. [Signed] Geo. Calhoun, Judge 53d District Court, Travis Co., Texas.'

"Within the time prescribed by statute for appeals in such cases, all of the appellants have appealed from the said order of the district judge of Travis county, Tex., and have brought this cause before this court for consideration."

### Opinion.

After due consideration of the questions presented in appellant's brief, we have reached the conclusion that, with one exception, no error has been shown, and that the error referred to can be corrected in this court by modifying the injunction issued by the district judge.

[1] We do not think the facts stated in the plaintiff's petition entitled it to have the defendants restrained from prosecuting the suit pending in the district court of Eastland county. While it may be conceded that in certain circumstances a court has the power to restrain a defendant from prosecuting another and prior suit in another court of equal jurisdiction and dignity, nevertheless comity and propriety dictate that such relief should not be granted except in extraordinary cases, and where it is absolutely necessary to prevent irreparable injury.

In this case we concur with the Attorney General and his associates in the proposition that the state is not a party to the suit pending in the district court of Eastland county, but we do not concur with them in the contention than an imperative necessity exists for injunctive relief to prevent the prosecution of the other suit. As the state is not a party to that suit, no judgment can be rendered therein that will affect the rights of the state; and the possibility that a judgment may be rendered which may for a time and to a limited extent cast a cloud upon the state's title to the property does not, in our opinion, justify any other court of no higher authority in restraining the prosecution of that suit; and in that respect and to that extent the action of the district judge in this case is reversed, and the order granting the injunction is modified so as to eliminate that portion of it.

[2] Counsel for appellants concede that, literally and technically speaking, the state is not a party to the Eastland county suit, but, contend that whatever judgment may be rendered in that case will be binding upon the state, by force of article 5432 of the Revised Statutes, and that this case should be disposed of upon the theory that the state is a party to the Eastland county suit, and therefore not entitled to maintain this suit, because of the pendency of the other suit involving the same subject.

We concur in the rule of law relied upon by appellants, but do not concur in the contention that this case is within the purview of article 5432, which reads as follows:

"When any land, lying between old surveys, is held by the Commissioner of the General Land Office to be unsurveyed or vacant land appropriated to the public school fund by the act of February 23, 1900, and is sold as such under the provisions of this chapter, and thereafter any suit arises between the owner or owners of such older surveys, and the purchaser from the state or his vendees, any final judgment rendered in such suit shall be deemed and held conclusive as to the existence or nonexistence of such vacancy; provided, if in any suit judgment is obtained through collusion or fraud against the state, the same may be set aside and vacated at the suit of the state at any time within five years thereafter."

That statute is, by its own terms, limited to judgments rendered in suits between the owners of older surveys and purchasers from the state. In the suit in the district court of

Eastland county the defendants in this case are plaintiffs, and certain persons who had obtained from the commissioner of the land office permits to explore the land in controversy for oil and gas are defendants. The latter persons, who merely have permission from the state to mine the land in question for oil and gas, and who have agreed to compensate the state for such minerals as are obtained therefrom, are not, in our opinion, purchasers of the land within the purview of article 5432; and therefore, if the constitutionality of that statute be conceded, the judgment rendered by the district court of Eastland county will not be binding upon the state. If it was the purpose of that statute to bind the state by a judgment rendered in a suit to which it was not a party, in the opinion of the writer, it would seem to be violative of the "due process of law" provisions of both federal and state Constitutions.

[3]. We think the plaintiff's petition in this case shows that it is necessary that the same restraint should be placed upon the defendants in this suit to prevent them from sinking wells and draining the minerals in question from the land involved in the litigation that has already been placed upon the state's permittees by the district court of Eastland county at the instance of the defendants in this suit; and to that extent the action of the district judge is approved by this court.

The other questions presented in appellants' brief have been considered, and are decided against them. The costs of this appeal will be taxed against the appellee.

Reformed and affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes