### McFADDIN v. KIBBIN et al.   (No. 1331.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 30, 1926. Rehearing Denied Nov. 1, 1926.)

**1. Licenses ⊚⇒5 1—Grant of right to trap and fish for nominal consideration held not to authorize grantee to employ persons to assist in trapping operations.**

Grant of right to trap and fish on certain land for two years in consideration of $1 and prohibiting grantee from subletting or assigning such rights or permitting others to exercise them, held not to authorize grantee to employ persons to assist him in trapping operations on such land.

**2. Appeal and error ⊚⇒1212(1)—Defendant not raising issue in subsequent trial of plaintiff's right to injunction as originally issued cannot raise issue of liability because of injuries suffered thereby.**

Where defendant in subsequent suit after reversal and remand made no issue against plaintiff's right to injunction as originally issued, he could not raise an issue of liability because of injuries, if any, suffered by him under such injunction.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Suit by W. P. H. McFaddin against John Kibbin and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

Howth, Adams & Hart, of Beaumont, for appellant.

Morris & Barnes, of Beaumont, for appellees.

WALKER, J. This case originated in an injunction issued by the trial court in favor of appellant against appellee, restraining appellee from employing help in his hunting, fishing, and trapping operations on appellant's land. When the injunction was originally issued, appellee appealed therefrom without filing an answer. This court affirmed that order, in favor of which the Supreme Court denied a writ of error. This is an appeal from a trial upon the merits of the case.

As appellant's petition on the trial presented the same issues as when he was granted his injunction, we here quote from our

---

opinion on the former appeal, as the same is reported in 259 S. W. 232, and adopt the statement therein made as a part of our statement on this appeal:

"On the 1st day of November, 1923, appellee presented his petition to Hon. E. A. McDowell, judge of the district court, Sixtieth judicial district, Jefferson county, Tex., complaining of appellants, and praying for injunction. In substance, he alleged that he was the owner, in law and in equity, of all the right, title, and interest in and to a tract of about 1,000 acres of land in Jefferson county, Tex.; that on the date of his purchase the land was burdened with what he denominated a 'lease,' executed by and between his vendors and appellant John Kibbin, running from date for a period of two years, which instrument recited the consideration of $1, which said lease was for the period of time of two years commencing on April 1, 1923, and ending and terminating on April 1, 1925, on certain conditions and stipulations and granting certain rights and privileges in and to said land to the said John Kibbin; and among the said stipulations and grants of privileges, and allegations of appellee's petition such as are material and relevant to this suit or cause of action, are:

"'(a) The said lease was given by the said then owners of the tract of land to the lessee John Kibbin for the purpose of trapping muskrats thereon and other wild, fur-bearing animals and fishing, and for no other purposes.

"'(b) With the distinct agreement, understanding and contract that the said John Kibbin should not sublet or assign any right thereby granted him to others or permit others to exercise or use any privilege thereby granted to him personally, without the express written consent of the said lessors.

"'(c) The exact provisions in said contract and lease applicable and relevant to this suit, and from and in which the above provisions set out in (a) and (b) are set forth in said lease in the following language: "This lease is given to the said lessee for the purpose of trapping of muskrats on said land and other wild fur-bearing animals, and fishing, and for no other purposes. And it is expressly understood that the giving hereof shall in no manner interfere with or affect the right of the owners and lessors, and those claiming the privilege under them, to use said land for grazing cattle thereon and hunting ducks and other wild game thereon, and any and all other purposes not inconsistent with the trapping and fishing privileges given to lessee. The said lessee shall not sublet or assign any right hereunder to others or permit others to exercise or use any privilege herein granted to lessee, without the express written consent of the lessors."

"'As more fully appears from an exact copy of the whole of said lease and contract marked "Exhibit A" and attached to and made a part of this petition.

"'* * * And he, the said John Kibbin, thereby became bound and obligated and owed plaintiff the express and legal duty to use and exercise his said rights on the land aforesaid personally and not to sublet or assign any of said rights to others or to permit others to exercise or use any of said privileges; the said lease providing for and contemplating that the said original lessors to the defendant John Kibbin could and might sell the said land during the life of said lease, and that the said privilege granted therein should also attach to and run with the said land in the event of such sale, and that the said grantee in such sale should succeed to and become entitled to all the privileges and subject to the burdens and protections expressed in said lease, and that the said John Kibbin in such event should and would become bound and obligated to the purchaser and to the same extent as he was to his original lessors, who are plaintiff's grantors as aforesaid.

"'On or about the date aforesaid, to wit, at the time plaintiff acquired title to said land and prior and subsequent to said date, the defendant John Kibbin, in violation of his express and palpable duty and obligations as is set forth in said lease, both to the said lessors and original owners of said land and to plaintiff herein as the present owner thereof, unlawfully sublet and assigned his rights or parts thereof under said instrument to others and knowingly and willfully permitted others to exercise and use such privileges, without the express written consent either of any or all of said original lessors who are the plaintiff's grantors, and also without the express written consent and without any consent whatsoever, of plaintiff herein, in that he sublet and assigned such rights and permitted others to exercise such rights and to use said privileges to the other defendants herein, to wit, A. T. Lamaire, D. J. Hebert, L. Lamaire, A. C. Lamaire, Henry W. Goss, —— Monty, —— Monty, and —— Allen, and to others whose names are unknown to plaintiff, and that every and all of said defendants who are the sublessees of the defendant John Kibbin, as above shown, have been and are now unlawfully using and exercising the said privilege of hunting and trapping of muskrats on said land and other wild, fur-bearing animals, and were and are now also engaged in the occupation of fishing on the said lands and premises and claiming and pretending that they have a legal right so to do by virtue of the pretended grants and permissions given them by the said John Kibbin; and are unlawfully going upon other adjoining lands for said purposes.'

"'Appellee further alleged that he could not give the terms of the contracts between appellants, that is between Kibbin and those holding under him, but alleged certain terms on information and belief, which do not negative his allegations of subletting and assigning and the use under Kibbin by others of the right granted him under the contract, all of which appellee alleged to be in violation of the contract under which Kibbin was holding. Appellee also negatived all facts that would have given appellants any rights on his land except under the contract Kibbin held with his vendors. He further alleged:

"'(7) The said defendant, John Kibbin, though often requested by plaintiff to desist and to cease his acts of subletting and assigning the said privileges to others and permitting others to operate on said land and to exercise the said privileges therein, has refused, and still refuses, to desist therefrom and to quit and to cease doing said unlawful acts and every and all of the other of said defendants, though often requested to cease and desist from going upon the said lands and premises and from exercising and using the said privileges of hunting, trapping, and

fishing as heretofore alleged, have all refused, and still refuse, to desist or cease doing the said unlawful acts, and refuse to get off of said land, claiming and pretending that by and through their agreements with the said John Kibbin they have a right to go and to be thereupon for the purposes aforesaid.

" '(8) Every and all of the said defendants, other than the defendant John Kibbin, are during all the times mentioned, and still are, willful and unlawful trespassers upon said property and wholly without any right, legal, equitable, or otherwise, to go or be upon any part of said lands and tenements for any purpose whatsoever, and especially are wholly without any such rights to go or be upon the said lands and tenements for the purposes aforesaid.

" '(9) As a direct result of the willful and unlawful acts of every and all of said defendants as above specifically set forth, plaintiff has sustained great and irreparable injuries and damages, in that the said lands and waters thereon and connected therewith are being subject to great waste, and the fish and the fur-bearing and other animals thereon are being unlawfully exhausted and appropriated by every and all of said defendants to plaintiff's great and actual damage in the sum of $5,000; and unless this honorable court will issue its writ of injunction as hereinafter prayed, plaintiff will not have any adequate recourse or remedy to prevent the further unlawful waste, exhaustion, and damage as aforesaid to the lands and tenements described; every and all of said defendants being impecunious, insolvent, and financially irresponsible and incapable of responding in damages and unable to pay any judgment that plaintiff might recover against them or any of them, and it would be impossible ever to collect any such judgment.

" 'Wherefore, plaintiff prays that this honorable court issue its writ of injunction commanding the defendant John Kibbin (commonly known as "Russian John") that he desist from and cease granting or giving any pretended rights or assignments in and to the privileges conveyed to him by the said lease, and commanding the said defendant that he revoke and withdraw all such grants and assignments such as he has already made to me or all of the other of said defendants herein or to any others not now known and mentioned in this petition, whereby he, the said John Kibbin, has granted or assigned or pretended to grant and assign and contract away any of his said rights and privileges with respect to fishing, trapping, and hunting for the animals above mentioned, and prohibiting him, the said John Kibbin, from ever in the future pretending to grant, or granting, any such privileges to any others whatsoever, and commanding him that he faithfully comply with his express agreement with his original lessors, which said obligation is now due to the plaintiff herein, that for and during the remainder of the term of his lease, in accordance with the provisions thereof, he shall use and exercise personally and by himself alone and in no manner by subletting, assigning, or otherwise, by and through any others whatsoever, the rights and privileges granted to him in said lease. Plaintiff further prays that a writ of injunction be issued to every and all of the other defendants to wit, to A. T. Lamaire, D. J. Hebert, L. Lamaire, A. C. Lamaire, Henry W. Goss, —— Monty, —— Monty, and —— Allen, commanding each and every one of said defendants that they cease to go upon the said land or any other land of plaintiff for any purpose, and that they desist from and cease every act whatsoever of fishing and hunting for fur-bearing and other animals thereon, and that they immediately cancel their contracts or pretended contracts of whatsoever nature with the said John Kibbin giving and granting them, or pretending to give and grant, any of such privileges in and upon the said premises. Plaintiff further prays that the said defendants and every and all of them be cited to answer this petition, and that upon final hearing he have judgment for his said damages in the sum of $5,000, and for all costs of court in this behalf expended, and he further prays for all general, special, and equitable relief to which he may be entitled.'

"The writ was ordered to issue 'in all things as prayed for.' Bond was duly executed as required, and thereafter, to wit, on the 2d day of November, the writ was executed, and served on the 3d day of November. The writ concluded with the following order:

" 'This injunction mandatory and prohibitory against you and against every one and all of you as defendants, including the said John Kibbin, and all of the said codefendants, shall be and remain in full force and effect until the further orders of said court, to be holden within and for the county of Jefferson at the courthouse thereof in Beaumont on the 2d day of November, A. D. 1923, when and where this writ is returnable.' "

Appellees filed a lengthy answer in the trial of the case on its merits, the substance of which was the contract under which he went upon the land, the consideration for the contract claimed by him to be the abandonment of a limitation claim in his favor against Pipkin for the land described in his contract, and the damages suffered by him by reason of the wrongful issuance of the injunction.

Under the evidence offered, it appeared that the contract as set out in our former opinion was in fact made between Pipkin and appellee Kibbin, and while it was not expressed on the face of the contract, the consideration in fact was the abandonment by Kibbin of a limitation claim asserted by him to the land. Further, the evidence showed that appellee Kibbin was not able, because of his advanced age, to trap the land without the aid of helpers, whom he was employing at the time the injunction was issued, on the basis of $4 per day and 20 per cent. of the rats caught. The evidence further showed without controversy that appellant bought the land with knowledge of the contract covering the same between Pipkin and Kibbin, that he agreed to assume the obligations of the contract and to be bound thereby and to recognize Kibbin's rights as granted him under the contract, but the evidence was clear that appellant knew nothing of any consideration for the contract, except as expressed on its face, and in buying the land he was informed by Pipkin that there was no other contract nor oral understanding

between Pipkin and Kibbin. The court submitted the following special issues to the jury:

(1) "Under the lease contract between John Kibbin and S. W. Pipkin and others, did the defendant John Kibbin have the right to employ persons to assist him in his trapping operations on the land therein described?" To which the jury answered, "Yes."

(2) "Did the defendant John Kibbin voluntarily and of his own free will and act abandon the premises which he had leased from S. W. Pipkin and others and surrender his lease thereto?" To which the jury answered, "No."

(3) "Was Kibbin so interfered with by plaintiff or his agents as to prevent him enjoying and receiving the rights and benefits to which he was entitled under his lease described in plaintiff's petition?" To which the jury answered, "Yes."

(4) "What amount, if paid in hand now, will compensate John Kibbin for the loss he has sustained by said interference?" To which the jury answered, "$3,000."

Appellant asked for an instructed verdict in his behalf. If issue No. 1 should have been submitted to the jury, without quoting from the evidence, it is our judgment that the answers of the jury to Nos. 2, 3, and 4 are sustained by the record.

## Opinion.

[1] But we think the court erred in submitting special issue No. 1 to the jury, and on the proposition involved in that issue a judgment should have been instructed in favor of appellant. On the former appeal, we construed the contract involved in this case as being "only a personal license to Kibbin to enjoy the rights granted him by its terms, and is in no sense a technical lease, as that term is understood. Under the allegations of the petition, Kibbin was granted a very valuable right, in that it was possible for him to make a large profit by trapping muskrats on the land. The consideration expressed was only $1, and the contract provided for a renewal at the rate of $1 a year. The contract prohibited a subletting or assigning of the rights granted by its terms, and also prevented him from permitting 'others to exercise or use any privilege herein granted.' While the meaning of the terms 'subletting' and 'assigning,' as related to leases, is well recognized by the courts (Russell v. Old River Company * * * 210 S. W. 705), it is clear that the parties to this contract were not contracting in relation to the technical meaning of such terms. The use of the expression last quoted shows that the parties thereto were trying to exclude, and had it so in mind, every one from the use of the hunting, trapping, and fishing privileges, except John Kibbin himself. Appellants would extend the meaning of this contract to the point where, by the use of servants, agents, and employees, they could destroy appellee's property, which very thing, under the allegations of his petition, they were actually engaged in doing."

As we understand the facts on the trial on its merits, the "allegations" of appellant's petition referred to in the above quotation from our former opinion were fully sustained. The contract showed on its face a consideration of only $1. There was no evidence that appellant knew of any other consideration, and hence his rights must be measured by the fact of the contract. The evidence showed that appellee was employing helpers, in violation of the contract, as we construed it in our former opinion, and was paying them, as a part of their consideration, a percentage of the rats caught. Appellant had never denied appellee the right to fish and trap and hunt on the lands, in so far as he exercised such rights personally. His complaint all along was that he had no right to employ others to assist him in that work.

[2] Appellees insist that we erred in our construction of this contract. While the Supreme Court denied a writ of error in this case, thereby as we understand sustaining us in what we said was the nature of this contract and the rights of the parties thereunder, we have again carefully considered all that was said on the former appeal, and have again reached the conclusion that we correctly defined the rights of the parties. We say this because of the proposition advanced by appellant and denied by appellees that the former appeal was res adjudicata of the rights of the parties. We sent this case back to the trial court to "be tried in the court below on its merits and on such pleadings as may be filed." In making that order, it was not our purpose to intimate that we had doubts as to the correctness of our holding, but as appellee had not answered, we intended by this order to give him the right to file any defensive plea warranted by the facts that would raise an issue in his favor; but as we construe his answer he made no issue whatever against appellant's right to the injunction as originally issued, and that being the case, of course, he could not raise an issue of liability because of the injuries, if any, suffered by him under the injunction issued by the court.

It is therefore our order that the judgment of the trial court awarding appellee damages be and the same is hereby in all things reversed, and that judgment be here entered against appellees and in favor of appellant that they recover nothing.

Reversed and rendered.