ST. HELEN SHOOTING CLUB v. CARTER.

1. WATERS AND WATERCOURSES—GAME—HUNTING RIGHTS—INJUNCTION—TRESPASS.

In suit by owner to enjoin violation of exclusive hunting rights on waters and shore land of inland lake, defense that, because defendant got on lake from highway, and without trespass to upland, he had right to hunt, is without merit.

2. COURTS—STARE DECISIS—ESTOPPEL.

Rule of *stare decisis* respecting private affairs is doctrine of estoppel applied to court decisions.

3. SAME—HOLDING IN FORMER SUIT INVOLVING SAME PROPERTY IS FINAL.

Where, in former suit, Supreme Court held that plaintiff was owner of exclusive hunting rights on waters and shore land of certain inland lake, and enjoined violation of said rights, and, in reliance thereon, plaintiff has extended its holdings and acquired larger interests, rule of *stare decisis* must be applied in instant suit to restrain violation of said rights, and holding in former case treated as final.

As to right to injunction to restrain hunting and fishing on ground of trespass, see annotation in 32 A. L. R. 538.

Appeal from Roscommon; Smith (Guy E.), J. Submitted June 18, 1929. (Docket No. 47, Calendar No. 34,334.) Decided December 3, 1929.

Bill by St. Helen Shooting Club, a corporation, against John Carter and others to enjoin defendants from violating certain hunting rights. From a decree for plaintiff, defendants appeal. Affirmed.

*Theo. D. Halpin* and *W. Clarence Smith,* for plaintiff.

*E. R. Chapin (Kinnane & Leibrand,* of counsel), for defendants.

Clark, J. In *St. Helen Shooting Club* v. *Mogle,* 234 Mich. 60, it was held that plaintiff had the exclusive right of hunting game and wild fowl on St. Helen lake and the shore thereof, the premises being particularly described in the opinion. It was further held that, as plaintiff's grantor had owned the shore and subaqueous lands and had conveyed to plaintiff the hunting rights, plaintiff therefore was the owner of the exclusive right of hunting on the shores and waters. And the court in that case enjoined violation of such rights by defendants.

To the point that the owner of the land bordering upon an inland lake is the owner of the land under the lake, many cases are cited, showing a fairly well-settled rule of law in this State. To sustain the decision that the owner of subaqueous lands had the exclusive right of hunting on and in the waters thereon many of our cases are cited. See *Sterling* v. *Jackson,* 69 Mich. 488 (13 Am. St. Rep. 405); *Ainsworth* v. *Munoskong Hunting & Fishing Club,* 159 Mich. 61; *Hall* v. *Alford,* 114 Mich. 165 (38 L. R. A. 205); *Brown* v. *Parker,* 127 Mich. 390; *John-*

*son* v. *Burghorn,* 212 Mich. 19 (11 A. L. R. 234);
*Sewers* v. *Hacklander,* 219 Mich. 143. Plaintiff acquired the lands and the rights solely for hunting
and that it might enjoy exclusive hunting privileges
of the lake.

The instant case is another bill for injunction to
restrain defendants from violating the hunting
rights. The situation as to most of these defendants is not different in principle from that of the
*Mogle Case,* but one defendant makes the novel defense that, as he got on the lake from a highway and
without trespass to the upland, he had the right to
hunt. If plaintiff has and owns the exclusive right
to hunt on the lake there is nothing in the defense.
An invasion of a home, a field, or a store adjoining
a highway could as well be justified.

The principal contention is that by the holding in
*Collins* v. *Gerhardt,* 237 Mich. 38, a different rule
of law now obtains in this State, namely, that the
lands beneath all navigable streams and lakes of the
State are subject to a trust in favor of the people
for navigation, fishing, and hunting, and that, as St.
Helen lake is navigable, the trust attaches to the
subaqueous lands, and defendants therefore may
hunt on the lake. The right to hunt on inland waters
of the State was not involved in *Collins* v. *Gerhardt,*
*supra,* but assuming, but not conceding, that the
trust in favor of the public for hunting on navigable
waters remains even after title to the subaqueous
land, or the lands bordering on an inland navigable
lake, has passed by conveyance into private ownership, still this case is not decided. In the *Mogle
Case* we held that plaintiff under its grant aforesaid owned and might exercise without invasion the
exclusive hunting privileges of the lake and its
shore. This is flatly a denial of the asserted trust

theory respecting hunting. Since the decision in the Mogle Case plaintiff has extended its holdings and acquired larger interest in certain shore land, it has continued its policy of maintenance and extension, and now it has engaged counsel and brought this suit seeking protection by injunction of its rights determined in that case. It has relied on that decision. The rule of *stare decisis* must be applied here. The holding in the *Mogle Case* must be treated here as final. The property involved is the same. Rights asserted are the same. The rule of *stare decisis* respecting private affairs is the doctrine of estoppel applied to court decisions. 15 C. J. p. 959. Justice and good conscience on the facts before us require that we do not here depart from the decision in the *Mogle Case*.

*Winans* v. *Willetts,* 197 Mich. 512, fixed the character of Pleasant lake and determined rights in the waters and subaqueous lands. In a later suit involving the same property and the same rights, *Pleasant Lake Hills Corp.* v. *Eppinger,* 235 Mich. 174, it appeared that plaintiff had expended money in reliance upon the holding in the *Winans Case,* and Mr. Justice Fellows, who wrote for the court, speaking of the decision in the *Winans Case* and of the rule of *stare decisis,* said:

"The writer of this opinion did not then agree with the opinion of the court in that case and wrote in dissent. But it is unimportant what his views then were or now are. We think it is likewise unimportant what views any or all the members of the court as now constituted entertain. Every reason for the application of the doctrine of *stare decisis* demands that this court accept the holding of the court in that case as final. The property involved is the same, the rights asserted are the same, in re-

liance upon the decision in that case, plaintiff has invested $170,000. Every element of fair dealing with litigants requires us to recognize the doctrine of *stare decisis,* and as applied to the same property follow the decision in that case. If it is to be ever overruled, it should be in a case involving other property than that specifically passed upon there."

It follows that the decree is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.