JOSHUA G. MARSH v. WILLIAM COLBY.

*Common of Piscary.*

By public usage there is no trespass in taking fish from a small lake nearly surrounded by another's land, unless the landowner has given notice that it will not be allowed.

Error to Shiawassee. Submitted April 3. Decided Nov. 1.

TRESPASS for fishing in plaintiff's lake. Defendant brings error.

*Hugh McCurdy* for plaintiff in error. Sailing over

the waters of a lake owned by another is not a trespass, *Merritt v. Walsh*, 32 N. Y., 690; *DePuy v. Strong*, 37 N. Y., 372; 2 Waterman on Trespass, § 768; *Phillips v. DeGroat*, 2 Lans., 192; *Campbell v. Arnold*, 1 Johns., 511.

*Gould & Lyon* for defendant in error.   The owner of the land beneath inland waters has the exclusive right of fishery in the water, *Hudson v. MacRae*, 4 B. & S., 584; *Hargreaves v. Diddams*, 10 Q. B., 582: ·14 Eng., 382; *Com. v. Chapin*, 5 Pick., 199; *Waters v. Lilley*, 4 Pick., 145; and one who goes upon the water for the purpose of fishing commits a trespass even if no fish are caught, Woolrych's Law of Waters, 123, 231–2; 2 Waterman on Trespass, 275; *Holford v. Bailey*, 13 Jur., 278: 18 L. J., Q. B., 109: 13 Q. B., 426.

PER CURIAM.   The small lake or pond on which the alleged trespass was committed was almost entirely enclosed within the lines of plaintiff's farm.   Whatever question might arise respecting the right to exclusive fisheries in larger bodies of water, the right of the land-owner to the exclusive control of small bodies thus situated would seem clear.

It has always been customary, however, to permit the public to take fish in all the small lakes and ponds of the State, and in the absence of any notification to the contrary, we think any one may understand that he is licensed to do so.   No such notification appears in this case, and we therefore hold that the defendant was not a trespasser in passing upon plaintiff's land with the intent to take fish, having no knowledge that objection existed to his doing so.

Judgment reversed with costs of this court.