# OCTOBER TERM, 1900.*

ILLEGAL FISHING — PRIVATE PONDS.

> 2 Comp. Laws 1897, §§ 5849–5851, declaring it unlawful to spear
> fish in any of the inland lakes in this State, do not cover the
> case of one spearing in a private lake or pond having no con-
> nection with other waters, by consent of all the owners
> thereof.

Error to Genesee; Wisner, J. Submitted June 12,
1900. Decided October 31, 1900.

William Conrad and others were convicted of violating
the fish laws. Reversed, and respondents discharged.

*Clinton Roberts*, for appellants.

*F. W. Brennan*, Prosecuting Attorney, for the people.

PER CURIAM. Respondent Conrad and three others
own Hibbard Lake, which contains about 15 acres. It
has no inlet or outlet connecting it with other waters.
The respondents obtained permission from these owners to
spear fish in the lake. For this they were arrested and
tried, under Act No. 159, Pub. Acts 1891 (sections 5849–
5851, 2 Comp. Laws 1897), and upon the trial the court
directed the jury to find a verdict of guilty.

Section 1 of the act reads:

"That it shall not be lawful for any person to take,
catch, or kill, or attempt to take, catch, or kill, any fish in
any of the inland lakes in this State with any kind of
spear or graphook, or by the use of jacks or artificial light
of any kind, or by the use of set lines or night lines, or
any kind of net, or any kind of firearms or explosive, or
other device except the hook and line."

---

\* Continued from Vol. 124.

This lake is private property. Its owners have entire control over it, and the right to fish in it. The public have no interest in it. If it were connected with other lakes and streams, so that fish might pass in and out of it, others than the owners would then have an interest in the protection of the fish in the lake. This act cannot be construed to include private ponds or lakes, in which the public have no interest.

Judgment reversed, and the respondents discharged.