MANNING et al. v. INTERNATIONAL MERCANTILE MARINE CO.

(Circuit Court of Appeals, Second Circuit. March 10, 1914.)

No. 187.

SHIPPING (§ 73*)—LIABILITY FOR DEATH—LAW GOVERNING.

The nationality of a steamer owned and registered in Belgium and flying the flag of that country was not changed by a demise charter to a New Jersey corporation, which officered, manned, and operated it; and hence liability for death caused by negligence on board such steamer while on the high seas was governed by the law of Belgium, and not by that of New Jersey.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 73.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Eastern District of New York.

This cause comes here upon appeal from a judgment of the District Court, Eastern District of New York, dismissing the complaint. The action was brought to recover damages, for alleged negligence, causing the death of plaintiffs' testator. The deceased sustained his injuries while on the high seas on board the steamship Lapland, bound from Europe to New York. The steamer was owned by a Belgian corporation, was registered in Belgium, and flew the flag of that country. She was chartered to defendant, a New Jersey corporation, which under a demise charter officered, manned, and operates the vessel. The statute of New Jersey was pleaded, but not the law of Belgium. Upon demurrer it was held that the complaint did not set forth facts sufficient to constitute a cause of action. Affirmed.

Armstrong & Brown, of New York City (P. M. Brown, of New York City, of counsel), for plaintiffs in error.

N. B. Beecher and George H. Emerson, both of New York City, for defendant in error.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. Being owned and registered in Belgium and flying the Belgian flag, the vessel is, under many decisions, to be regarded when on the high seas as a floating part of the kingdom of Belgium. Plaintiffs contend that this condition is changed by the demise charter under which she was turned over to a resident of New Jersey. Demise, of course, effects some changes in the respective rights and obligations of owner, charterer, shipper, lienor, etc., and a convenient phrase for expressing such change is the one so often used, viz., that "the charterer is the owner pro hac vice," just as the common phrase "the law follows the flag" is a convenient one to use. But there is no authority for the proposition that a demise destroys a vessel's nationality, while her actual ownership, registry, and flag remain the same, and there seems to be no good reason why any such new doctrine should be announced. Plaintiffs, we think, confound contract obligations with torts. In order to recover for death from negligence, it must be shown that there is such a right of recovery under the law of the country of which the vessel is a part. The law of Belgium, not the law of New Jersey, should have been pleaded, and the demurrer was well taken.

The judgment is affirmed, with costs of this appeal, with leave, however, to plaintiffs to plead the Belgian law, if they be so advised.