PEOPLE v. LEWIS.

1. CRIMINAL LAW—FISH LAWS—NONRESIDENT—PUBLIC WATERS—QUESTION FOR JURY.

In a prosecution for violating section 1, Act No. 384, Pub. Acts 1921, amending 2 Comp. Laws 1915, § 7736, prohibiting any nonresident over 18 years of age from catching any fish with hook and line in any of the lakes and streams within the jurisdiction of the State of Michigan without having an unexpired angler's license in his possession, the questions as to whether defendant was a nonresident and as to whether the lake in which the offense was charged to have been committed is in times of high water connected with a stream which flows into Lake Michigan, *held*, under disputed testimony, properly submitted to the jury.

On government control over right of fishing, generally, see note in 39 L. R. A. 581; 60 L. R. A. 481; L. R. A. 1916E, 523.

2. SAME—STATUTES—CONSTRUCTION—JURISDICTION OF STATE.

The phrase "jurisdiction of the State," as used in said statute, *held*, not to mean public waters only, as distinguished from private ponds or lakes, but to signify the power to declare and to enforce the law as well as the territory within which such power may be exercised.

3. SAME—INFORMATION—SUFFICIENCY.

The complaint charging said offense under said statute, substantially in the language of the statute, and as having been committed in "Lost lake, within the county of Newaygo, and State of Michigan," sufficiently charged the offense as having been committed "within the jurisdiction of the State of Michigan."

4. FISH—PRIVATE PONDS OR LAKES—RIGHT OF OWNER TO FISH.

The owners of natural or artificial ponds or lakes not connected with other lakes or streams by flow of water in any season of the year so that fish may pass, may, by reason of their constitutional rights, take fish therefrom without restraint from legislative enactment.

5. CRIMINAL LAW—INFORMATION—SUFFICIENCY.

Since the enacting clause of Act No. 384, Pub. Acts 1921, amending 2 Comp. Laws 1915, § 7736, makes no exception of private lakes and ponds, it was unnecessary, in a complaint charging an offense thereunder, to state affirmatively that the lake in which said offense was alleged to have been committed was a public water, or to negative that it was a private pond or lake.

Exceptions before judgment from Newaygo; Barton (Joseph), J.    Submitted April 18, 1924.    (Docket No. 131.)    Decided June 2, 1924.

Frank M. Lewis was convicted of illegal fishing. Affirmed.

*White & Reber*, for appellant.

*Andrew B. Dougherty*, Attorney General, and *Harold J. Cogger*, Prosecuting Attorney, for the people.

CLARK, C. J.    Lost lake, in Newaygo county,

covers about 15 acres, and is located wholly within the boundary of land owned by defendant Lewis.   He, with hook and line, took fish from the lake.   He was arrested, charged with violating Act No. 263, Pub. Acts 1915 (2 Comp. Laws 1915, § 7736), as amended by Act No. 384, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 7736).   We quote:

"SECTION 1. No person over eighteen years of age who is a nonresident of the State of Michigan shall take or catch or attempt to take or catch with a hook and line in any of the lakes and streams within the jurisdiction of the State of Michigan any fish of any kind without having in his or her possession an unexpired angler's license as hereinafter provided for."

The complaint charged that defendant was a nonresident of the State, and that he did—

"unlawfully then and there take, catch, and attempt to take and catch with a hook and line certain fish in certain lakes and streams, to-wit: Lost lake, within the county of Newaygo, and State of Michigan, without first procuring a license to do so."

From a conviction in justice's court defendant appealed.   The State had testimony that defendant is a nonresident, and that Lost lake is in times of high water connected with a branch of White river, which flows into Lake Michigan.   Defendant had testimony that he is a resident of Michigan, and that Lost lake has no outlet, that it is wholly upon his land, and that no highway touches it.   The trial judge left to the jury the question of defendant's residence and the question of whether the lake was, by flow of water in any season of the year, connected with White river. Defendant was convicted.   His exceptions before sentence present the question that the complaint does not charge properly an offense in that it fails to state that Lost lake is within the "jurisdiction of the State of Michigan," defendant contending that, because of

the use in the statute of the words just above quoted, the statute is applicable to public waters only as distinguished from private lakes and ponds. Defendant insists that, had the said quoted words been used in the complaint in question, it might be held to have charged affirmatively that the offense was committed in public waters of the State, or, in effect, to have negatived that the act was committed in a privately owned lake or pond.

"Jurisdiction of the State" does not mean public waters only as distinguished from private ponds or lakes, as contended by counsel. It signifies the power to declare and to enforce the law as well as the territory within which such power may be exercised. 4 Words and Phrases, p. 3876; State Constitution, art. 1, § 1. The offense was charged substantially in the language of the statute, and as having been committed in "Lost lake, within the county of Newaygo, and State of Michigan." That is equivalent here to stating that the offense was committed "within the jurisdiction of the State of Michigan."

The statute above quoted does not except from its provisions privately owned lakes and ponds. And see Act No. 236, Pub. Acts 1915 (2 Comp. Laws 1915, § 7654 *et seq.*); Act No. 159, Pub. Acts 1919, as amended by Act No. 225, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 7686 [1-25]). But there are natural, and artificial, ponds or lakes in this State, privately owned, not connected with other lakes or streams by flow of water in any season of the year so that fish may pass, and from which the owner may take fish without restraint from legislative enactment. *People* v. *Conrad,* 125 Mich. 1; *State* v. *Roberts,* 59 N. H. 256 (47 Am. Rep. 199); *People* v. *Horling,* 137 Mich. 406; *Marsh* v. *Colby,* 39 Mich. 626 (33 Am. Rep. 439); *Giddings* v. *Rogalewski,* 192 Mich. 319; *People* v. *Collison,* 85 Mich. 105; 26 C. J. p. 599, and cases cited; L. R. A. 1916E, 524; 131 Am. St. Rep. 750,

note.   The reason underlying the statement above is constitutional, is not discussed by counsel, and is sufficiently set forth by the authorities cited.

It was unnecessary to state affirmatively in the complaint that the lake was a public water or to negative that it was a private pond or lake.   Had the exception of private ponds and lakes been made in the enacting clause of the statute in question a complaint failing to negative such exception would be bad. *People* v. *Grabiec*, 210 Mich. 559.   A pleader is not required to negative an exception not found in the enacting clause but found in some other part of the statute or in some other statute.   *People* v. *Kenyon*, 201 Mich. 647.   Here the exception is not in the enacting clause of the statute, but it is made by the Constitution as applied by the courts.   Such exception was here a matter of defense.   Joyce on Indictments, § 390; *State* v. *Connor*, 142 N. C. 700 (55 S. E. 787) ; 31 C. J. p. 720.

Conviction affirmed.   Cause remanded for judgment.

MCDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.