## PUTNAM v. KINNEY.

1. WATERS AND WATERCOURSES—INLAND LAKES—RIPARIAN RIGHTS.
    Riparian proprietor on inland lake owns to middle of lake.

2. SAME—MEANDER LINES OF INLAND LAKES—BOUNDARIES.
    Meander lines of inland lakes have of themselves no force as boundary lines, but are established for convenience of government in determining amount of public lands for which government should collect payment upon sale thereof.

3. SAME—PUBLIC RIGHTS IN NAVIGABLE WATERS.
    Public has right to navigate and fish in public navigable inland lake.

4. SAME—STATUTORY RIGHTS OF PUBLIC IN NAVIGABLE WATERS.
    Under 2 Comp. Laws 1915, §§ 7694, 7695, public right of fishing is extended to all navigable or meandered waters of State when such waters have been or may hereafter be stocked with fish by people of State or of United States.

5. SAME—TEST OF NAVIGABILITY.
    Test of navigability is whether waters under consideration are capable of being used by public as thoroughfares or highways for purposes of commerce, trade, and travel by usual and ordinary modes of navigation.

On the question as to rights of public to boating and fishing in inland lakes, see annotation in L. R. A. 1917B, 786; 5 A. L. R. 1056.

6. SAME—CONOVER LAKE NOT NAVIGABLE WATERS.

That Conover lake, a small inland lake, is meandered and is
boatable for rowboats such as are commonly used for fishing,
does not constitute it a navigable lake, since it has no inlet
or outlet, and therefore is not usable as highway for commerce,
the test of navigability.

7. INJUNCTION—OWNERS OF LAND SURROUNDING NONNAVIGABLE LAKE
ENTITLED TO RESTRAIN TRESPASSING.

General public has no right to go onto or fish in waters of Con-
over lake, a small, inland, nonnavigable lake, although access
thereto may be had from highway, and therefore owners of all
of surrounding land may maintain suit to restrain trespassing
thereon.

Appeal from Newaygo; Barton (Joseph E.), J.
Submitted June 14, 1929. (Docket No. 96, Calendar
No. 34,408.) Decided December 3, 1929.

Bill by William P. Putnam and others to restrain
Thomas Kinney and others from trespassing upon
plaintiffs' lake. From a decree for defendants,
plaintiffs appeal. Reversed.

*Laurence W. Smith, Fred N. Searl,* and *William
J. Branstrom,* for plaintiffs.

*Linsey, Shivel & Phelps,* for defendants.

POTTER, J. Plaintiffs own the land surrounding
Conover lake, a meandered body of water of about
112 acres in Ensley township, Newaygo county.
There is no inlet or outlet to this lake. Along the
south side thereof runs a public highway never laid
out but open and used by the public for 35 years and
upwards and recognized and improved by the town-
ship authorities for at least 10 years. For 35 years
or more the people have had access to this lake from
this highway to water horses and launch rowboats.
Plaintiffs put a fence along the north line of the

highway and thus shut off the public from access to the body of the lake, the fence being in the water, but the highway being on plaintiffs' land. The fence was destroyed, and plaintiffs filed a bill to restrain defendants from trespassing upon the lake, interfering with plaintiffs' fence, going on the lake to fish, and from operating or maintaining a boat livery thereon. There is no serious dispute about the facts.

Many cases involving inland lakes have been before this court. *People v. Conrad,* 125 Mich. 1, involved a purely private lake. *People v. Collison,* 85 Mich. 105, and *People v. Horling,* 137 Mich. 406, involved lakes connected with other bodies of water to and from which fish might migrate. The right of fishing and hunting in the arms of the Great Lakes is not here involved, as in *Ainsworth v. Munoskong Hunting & Fishing Club,* 153 Mich. 185 (17 L. R. A. [N. S.] 1236, 126 Am. St. Rep. 474, 15 Ann. Cas. 706), and *Stuart v. Greanyea,* 154 Mich. 132 (25 L. R. A. [N. S.] 257). *Douglas v. Bergland,* 216 Mich. 380 (20 A. L. R. 197), so far as it involved the right to fish on Lake Gogebic, follows *Beach v. Hayner,* 207 Mich. 93 (5 A. L. R. 1052). The riparian proprietor on inland lakes owns to the middle of the lake. *Rice v. Ruddiman,* 10 Mich. 125; *Grand Rapids Ice & Coal Co. v. South Grand Rapids Ice & Coal Co.,* 102 Mich. 227 (25 L. R. A. 815, 47 Am. St. Rep. 516). Disputes between the several riparian proprietors as to the line of convergence of their respective properties may be settled by agreement or by a resort to equity in a proceeding akin to partition. *Hardin v. Jordan,* 140 U. S. 371, 402 (11 Sup. Ct. 808, 838); *Grand Rapids Ice & Coal Co. v. South Grand Rapids Ice & Coal Co., supra.* Obviously where mere casual fishing is involved, a rule requiring the establishment of definite lines of demarcation between the prop-

erties of the several riparian proprietors would be difficult of application, and therefore the rule was adopted in *Beach* v. *Hayner, supra:*

"That where there are several riparian owners to an inland lake, such proprietors and their lessees and licensees may use the surface of the whole lake for boating and fishing, so far as they do not interfere with the reasonable use of the waters by the other riparian owners."

But where there is but one riparian proprietor, whose lands entirely surround the lake, the difficulty of establishing definite lines of demarcation between the holdings of different riparian proprietors and the argument arising from the necessity of avoiding uncertainty and inconvenience disappears.

Conover lake is meandered. Meander lines are established by the government surveyor in the exercise of the discretion vested in him by the surveyor-general of the United States. They have of themselves no force as boundary lines, but are established for the convenience of the government in determining the amount of public lands for which the government should collect payment upon the sale thereof. *Palmer* v. *Dodd,* 64 Mich. 474; *Brown* v. *Parker,* 127 Mich. 390; *Arnold* v. *Brechtel,* 174 Mich. 147.

If Conover lake is a public navigable lake, the public have a right to navigate it and to fish in its waters. Gould on Waters (2d Ed.), p. 171; *Sterling* v. *Jackson,* 69 Mich. 488 (13 Am. St. Rep. 405); *Grand Rapids* v. *Powers,* 89 Mich. 94 (14 L. R. A. 498, 28 Am. St. Rep. 276); *State* v. *Lake St. Clair Fishing & Shooting Club,* 127 Mich. 580. By statute the public right of fishing is extended to all navigable or meandered waters of the State when such waters have been or may hereafter be stocked

with fish by the people of the State or of the United States (2 Comp. Laws 1915, §§ 7694, 7695). Conover lake is not only meandered but boatable for rowboats such as are commonly used for fishing on the smaller inland lakes of the State, but

"Both facts, if shown, fail to furnish the test of navigability. The true test is whether the waters under consideration are capable of being used by the public as thoroughfares or highways for purposes of commerce, trade, and travel—of affording a common passage for transportation and travel by the usual and ordinary modes of navigation." *Giddings* v. *Rogalewski,* 192 Mich. 319.

Measured by the test laid down, Giddings lake was there held not to be navigable.

*Winans* v. *Willetts,* 197 Mich. 512, involved Winans lake containing about 100 acres entirely surrounded by a public highway, so that "from a public highway one may step into the waters of the lake or into a boat upon the surface of the lake," and the right of defendants to fish thereon. This lake had a visible outlet connecting ultimately with Lake Erie. It is said:

"It is plain, however, that the lake is not a public, navigable body of water, and is a privately owned pond. *Giddings* v. *Rogalewski,* 192 Mich. 319, and cases cited. Defendants have no right or license, from any owner or part owner of the property, to fish therein, without which, whether they enter the premises from a highway or elsewhere, they are trespassers. * * * The fact that there may be fish in the lake, not the private property of plaintiff or of any one else, and that the State may control the taking of fish therein, does not avail the defendants. They can no more enter without permission the portions of the premises covered by water than they can invade the uplands of the riparian owners."

From this opinion Justices KUHN and FELLOWS dissented.

In *St. Helen Shooting Club* v. *Mogle,* 234 Mich. 60, it is held that the riparian proprietor owning all the shore line of an inland lake is the owner of the land underneath the lake and has the exclusive right to hunt on the lake and may sell and convey such exclusive right to others.

In *Pleasant Lake Hills Corp.* v. *Eppinger,* 235 Mich. 174, it is said:

"The case of *Winans* v. *Willetts, supra,* brought to this court the question of the character of this very lake and the right of others than the owner of the lake bottom to go upon it. As to the first question, this court held:

" 'It is plain, however, that the lake is not a public, navigable body of water, and is a privately owned pond.'

"As to the second question, this court held:

" 'They can no more enter without permission the portions of the premises covered by water than they can invade the uplands of the riparian owners.'

"The writer of this opinion did not then agree with the opinion of the court in that case and wrote in dissent. But it is unimportant what his views then were or now are. We think it is likewise unimportant what views any or all of the members of the court as now constituted entertain. Every reason for the application of the doctrine of *stare decisis* demands that this court accept the holding of the court in that case as final."

The rule of *Winans* v. *Willetts, supra,* governs. It follows that the decree of the trial court must be reversed, with costs, and a decree for plaintiffs entered.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.