BUSHMAN v. ESTLEMAN.

1. WATERS AND WATERCOURSES—ARTIFICIAL DRAINAGE DITCH—NAVI-
GABLE WATERS.
    In suit to enjoin trespass on plaintiffs' private lake, finding of
    trial court that artificial drainage ditch through which defend-
    ants passed in order to reach said lake is not navigable in fact,
    *held*, supported by testimony.

2. INJUNCTION—PRIVATE LAKE—ARTIFICIAL DRAINAGE DITCH.
    Where small, unmeandered lake is wholly within plaintiffs' land,
    they are entitled to enjoin defendants from going upon it
    through unnavigable artificial drainage ditch connecting lake
    with pond on defendants' land.

Appeal from Washtenaw; Sample (George W.), J.
Submitted October 14, 1931.  (Docket No. 103, Cal-
endar No. 35,567.)  Decided December 8, 1931.

Bill by F. E. Bushman and others against Charles
F. Estleman and others to enjoin trespassing on
plaintiffs' land.  Cross-bill by defendants against
plaintiffs to enjoin interference with enjoyment of
certain alleged rights of navigation.  Decree for
plaintiffs.  Defendants appeal.  Affirmed.

*Dwyer & Dwyer,* for plaintiffs.

*Carl H. Stuhrberg,* for defendants.

CLARK, J.  Located wholly within plaintiffs' land
is a small lake known as Independence lake.  The
lake was not meandered.  Plaintiffs have title to all
the land surrounding and underlying the lake.  De-
fendant Charles F. Estleman owns and, with other

defendants, occupies land west of plaintiffs' land. At its closest point, defendants' land is 389 feet from the lake. An artificial drainage ditch connects the lake with a pond on defendants' land. Defendants asserted the right to go from their land, pulling or poling small boats through the drainage ditch, to and upon the lake, and continued to do it against plaintiffs' protests and against their efforts to prevent it. This bill was filed for injunction. Plaintiffs had decree. Defendants have appealed.

Passing the question that there is no evidence that the lake is a navigable body of water (*Giddings* v. *Rogalewski,* 192 Mich. 319), and the further question that this drainage ditch, constructed and used as such, whether public ditch or private drain, is not a public highway (*Moore* v. *Sanborne,* 2 Mich. 519 [59 Am. Dec. 209]), we agree with the trial court that the ditch is not navigable in fact; the finding being well supported by the testimony. We need not discuss again the test of navigability, there being already great abundance of discussion in the cases cited and in *Collins* v. *Gerhardt,* 237 Mich. 38; *Putnam* v. *Kinney,* 248 Mich. 410, and cases there cited.

The case is as if there were no ditch and defendants were trespassing upon plaintiffs' land to reach the unmeandered lake wholly within plaintiffs' title and description. *Giddings* v. *Rogalewski, supra.* That the court may and should enjoin these repeated and continued trespasses there is no doubt.

Affirmed, with costs to plaintiffs.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.