### BLAIN *v.* CRAIGIE.

1. WATERS AND WATERCOURSES—RIPARIAN RIGHTS—RESERVATION.
   A conveyance of property bounded by a natural watercourse carries with it the riparian rights, in the absence of a reservation of such rights.

2. SAME—RIPARIAN RIGHTS—RESERVATION NOT PRESUMED.
   The reservation of riparian rights in a deed conveying riparian lands is not to be presumed.

3. SAME—RESERVATION OF RIPARIAN RIGHTS—DOCKS.
   Deed conveying lakeside property and continuing into the lake 30 feet from low water mark and granting use of the waters for boating, fishing and cutting ice did not contain a reservation of riparian rights in grantor so as to prevent grantees from extending a dock into the lake beyond the 30-foot line.

Appeal from Oakland; Hartrick (George B.), J. Submitted June 12, 1940.  (Docket No. 82, Calendar No. 41,165.)  Decided September 6, 1940.

Bill by Alexander Blain against Charles C. Craigie and Charles L. Langs to restrain them from maintaining a dock on lake property allegedly belonging to plaintiff.  Bill dismissed.  Plaintiff appeals. Affirmed.

*Bethune D. Blain,* for plaintiff.

*George A. Cram,* for defendant.

CHANDLER, J. Part of the facts involved in this controversy are set forth in *Grant* v. *Craigie,* 292 Mich. 658. The agreement of April 9, 1892, mentioned therein, between Blain and Windiate, relative to the so-called "Blain ends" of the lots, provided: that, "at any time within 10 years from the date hereof, whenever and as often as said Alfred Windiate shall make sale of any lot or lots on said lake front, upon the payment of one dollar per foot front for the lots so sold, to deed to said Alfred Windiate or to the purchasers of said lots all that part of said northeast quarter of the northeast quarter of section 6 lying between said lots sold and a line in said lake parallel with the low water mark and 30 feet distant therefrom, and also to grant to the holders and owners of said lot or lots the free use forever of the waters of said lake included in said northeast quarter of northeast quarter of section 6 for boating and fishing purposes, and for cutting ice for their use."

On March 21, 1894, Windiate sold and conveyed to Horace Huntoon and his wife lots 19 and 20 of Windiate Park, and Blain, pursuant to the above-mentioned agreement, conveyed to said purchasers the land lying between said lots and Lotus Lake, the conveyance reading as follows:

"All that portion of land being 100 feet in width extending from and being a continuation of lots numbered 19 and 20 of Windiate's Subdivision (according to the recorded plat thereof) and continuing into Lotus Lake (so-called)·30 feet from the low water mark thereof, * * * And the parties of the second part shall have the right of cutting ice for their own use and the privilege of fishing and boating in front of the north east quarter of the north east quarter."

On October 8, ·1904, Windiate conveyed lots 18 and 21 to Charles W. Hunt, and Blain conveyed to the said Hunt the adjoining land in section 6, his deed describing the property as being bounded on the west by a line 30 feet distant from the low water mark of the lake. The deed also granted the free use of the waters of the lake for boating, fishing and for cutting ice.

Subsequently, title to the mentioned lots passed to defendant Craigie, defendant Langs being his lessee.

The dispute herein concerns the right of defendants to maintain a dock constructed into the lake from lot 19. It appears from the record that in 1893 Horace Huntoon first constructed a small dock into the lake which was used in connection with a hotel operated by him on lots 19 and 20. From this time until the present, a dock has been located at the point in question, the length thereof being gradually extended until it now reaches the bank of a channel in the lake some 108 feet from the shore. For more than 15 years prior to the institution of this suit, the dock extended into the lake for at least 75 feet, the additional footage having been added within such 15-year period.

Plaintiff, the son of Alexander W. Blain, Sr., the former owner and grantor of the "Blain ends," owns an island located in the lake, some six or seven hundred feet from defendants' property, upon which he has a summer home, and also has title to the land owned by his father which had not previously been conveyed by him. He filed the bill of complaint herein, alleging that the extension of the dock from defendants' property into the lake in excess of a distance of 30 feet constitutes a trespass; that large numbers of people use the lake in front of defendants' lots for bathing purposes, creating much noise and confusion, which is brought closer to his prop-

erty by reason of said extension; and that as a result his property is depreciated in value and he is, to a certain extent, deprived of the use thereof. The bill prayed for a temporary injunction restraining the use of that portion of the dock extending beyond the 30-foot line and for a mandatory injunction to compel the removal thereof. Upon hearing, the trial court dismissed the bill.

It is the claim of appellant that under the original deeds from his father, the grantees thereof did not acquire riparian rights beyond the 30-foot point mentioned therein, and that, therefore, the extension of the dock beyond that point constitutes a trespass on his lands. Defendant Craigie claims that, assuming plaintiff's proposition to be true, he has acquired the right to maintain said dock by reason of prescription and an adverse use and occupancy of the property claimed by plaintiff for more than the statutory period.

A considerable portion of the record is devoted to describing the location of the respective properties, the evolution of the dock from its small beginning to its present length, and to factors bearing upon the question as to whether defendant has acquired prescriptive rights. It is unnecessary to enter into a detailed discussion of these features.

There appears to be no dispute with the proposition, well established in this jurisdiction, that a conveyance of property bounded by a natural watercourse carries with it the riparian rights, in the absence of a reservation of such rights. *Bauman* v. *Barendregt,* 251 Mich. 67. The decisive question is whether any such reservation is to be found in the deeds of Alexander W. Blain, Sr., when he conveyed title to the ''Blain ends.'' These deeds conveyed Blain's property, not only to the shore of the lake, but into the lake for a distance of 30 feet from the ·

low water mark, also granting the use of the waters of the lake for cutting ice, boating and fishing. A reservation of the riparian rights is not to be presumed, and unless the language of the deeds is to be construed as a reservation, plaintiff's case must fail.

We believe there is no distinction in legal principle between the instant case and *Richardson* v. *Prentiss,* 48 Mich. 88. In that case, the deed stated that the premises conveyed should "extend no further into the bay than six rods" from the rear line of an adjoining shore lot. Although this language would appear to add more strength to a claim of reservation of riparian rights than the language used by Mr. Blain, Sr., it was held that a reservation did not exist. In reversing the decree of the lower court, we said:

"The language in the deed, which has given rise to this controversy, is in my opinion no stronger than though the land sought to be conveyed had been described by metes and bounds, running out six rods from the rear of lot 5. The conveyance purports to be one of lands; it is so much of a reserved strip as lies in the rear of lot 5, but extending no farther into the bay than six rods. The rights appurtenant to this land are not reserved, nor restricted in any way, and as the land conveyed extends out and into the waters of the bay, all riparian rights pertaining thereto pass with it as part of the subject matter. There cannot be found in the deed that clear, decided language of a manifest attempt to limit the grant which the law requires in order to vary a rule so firmly established, under which riparian rights follow a conveyance of the upland bank, or shore."

We find nothing in the Blain deeds sufficient to effect a reservation of riparian rights. It, therefore, becomes unnecessary to decide if defendant Craigie has acquired them by prescription.

The decree dismissing plaintiff's bill of complaint is affirmed, with costs to appellee.

BUSHNELL, C. J., and SHARPE, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.