**RADOVCIC v. THE PRINC PAVLE.**

District Court, S. D. New York.
April 3, 1942.

See, also, 43 F.Supp. 1013.

William L. Standard, of New York City (Louis H. Rubinstein, of New York City, of counsel), for libellant.

Frederick H. Cunningham, of New York City, for respondent.

BRIGHT, District Judge.

The libellant, a Yugoslav citizen, seeks to recover damages for personal injuries sustained by him on March 28, 1941, while engaged as a seaman upon the Steamship Princ Pavle, a Yugoslav vessel, flying the flag of that country, and while the vessel was on the high seas en route to the United States. The claim is that the vessel was unseaworthy. The respondent denies unseaworthiness, and alleges as a defense that the sole remedy of the libellant is under the Yugoslav Workmen's Insurance Law.

The accident which caused the injuries occurred about eight o'clock in the evening in the vessel's washroom. Libellant had just come off his watch and wished to wash himself. There was a basin in the washroom which he desired to get in order to obtain water from the kitchen, there being none in the washroom. It was the custom of the seamen to get the water and then go into the washroom to clean up after their watch. The floor of the washroom was of cement, uneven and with holes in it. The proof is that it was dirty, soapy and slippery, and had been so practically since the beginning of the voyage. As libellant reached down to get the basin, he slipped, threw out his left hand to save himself, and as his hand slid down the wall, which it is claimed was rusty and had sharp edges up-

on it, his fingers were severely cut and he has been permanently injured. The preponderance of the evidence clearly would justify a finding of unseaworthiness. Krey v. United States, 2 Cir., 123 F.2d 1008.

Whether or not libellant's remedy is under the Yugoslav Insurance Law presents a more difficult question. Libellant contends that he has no remedy under that act because, in the first place, he does not come within its terms, having entered the service of the ship at Brooklyn and not within the territorial limits of Yugoslavia, and second, because the act is not now being administered, the Yugoslav country having been invaded and the Government destroyed by the German armed forces.

Libellant testified that he joined the vessel on July 27, 1940, in Brooklyn, and signed on after three days at sea. He remained on board the ship for nine months and three days, leaving it at Staten Island. His accident occurred when the ship was about three days out of Baltimore.

 There can be no doubt that the law which governs the liability of the defendant is the law of Yugoslavia, the accident happening under its flag, upon a vessel and to a citizen of that country. A merchant ship on the high seas is of the country whose flag she flies, and the law of the flag applies to the right of action which arose on those seas. Jurisdiction and the laws of the nation accompany the ship not only over the high seas but every where else she may be waterborne. United States Shipping Board Emergency Fleet Corporation v. Greenwald, 2 Cir., 16 F.2d 948–950, Manning v. International Mercantile Marine Co., 2 Cir., 212 F. 933; The Cuzco, D. C., 225 F. 169–176; The Lamington, D.C., 87 F. 752–754; The Vestris, D.C., 53 F. 2d 847–855; Restatement of the Law, Conflict of Laws, § 45, comment (a), Section 406. One who engages to serve on board a foreign ship necessarily undertakes to be bound by the law of the country to which the ship belongs. The place where he ships is of no moment whatsoever. The Hanna Nielsen, 2 Cir., 273 F. 171, 172.

There is no dispute but that there was a Yugoslav Workmen's Insurance Law. There is a dispute, however, as to its terms. Libellant's witness, a former citizen of Yugoslavia, with a degree of Doctor of Laws, and who had studied the laws of Yugoslavia, testified that the Compensation Act did not apply to libellant because he shipped in the United States and his contract of employment, therefore, was not within the territory of the Yugoslav Kingdom. The respondent's expert, a former Yugoslav citizen, admitted to practice law in this court, and who formerly practiced law in that part of Austria which, since the last war, has become Yugoslavia, gave as his translation of Section 3 of the Yugoslav Workmen's Insurance Law of May 14, 1922, as follows: "Section 3. Subject to insurance pursuant to the terms of this law are all persons who within the jurisdiction of the Kingdom of Serbs, Croats and Slovenes, hire either their physical labor or that of their mind, permanently or temporarily, pursuant to any labor relation, irrespective of sex, age and citizenship. * * * In the shipping business all members of the crew of any domestic vessel, as well as all other persons engaged in such business and in the fishing industry, are subject to insurance and they are also so subject when they happen to be in foreign countries".

The translation by libellant's witness of this subdivision of this section is: "All persons who within the territory of the Kingdom of Serbs, Croats and Slovenes, permanently or temporarily, on the basis of any labor relationship, hire or give their physical or intellectual energy of labor under hire are insured without respect of sex, age or citizenship according to the provisions of this Act."

In other words, the difference between the two is in the translation of the Yugoslav word "podrucju". Respondent says it means jurisdiction, and libellant, territory.

 I do not think there is any substantial difference between the two. The obvious purpose of the act was to cover all persons hired permanently or temporarily, and in determining whether or not the words of the statute are comprehensive enough to cover Yugoslav citizens at home or abroad I think the words jurisdiction and territory are practically synonymous as used in the act. Tedford v. People, 219 Ill. 23, 76 N.E. 60; People v. Lewis, 227 Mich. 343, 198 N.W. 957; McCullough v. Scott, 182 N.C. 865, 109 S.E. 789–793.

 The testimony of Mr. Nikoloric, who is the attorney for the Yugoslav Legation in this city and also for the Yugoslav Shipping Committee, convinces me that his translation of the act is the correct one, even if the words jurisdiction and territory are to be given different meanings. He testified that the law was still in effect, that the insurance of workmen was obliga-

tory upon both employer and employee, and it made no difference where the employee was employed; that under the Yugoslav law, a citizen of that country was bound by its laws, wherever he might be. It seems to me, and I so hold, that the law is applicable to Yugoslav seamen while employed upon Yugoslav steamships, no matter where they are hired.

That the law quoted is applicable here, aside from the dispute as to translation, is obvious from the second sentence which makes it applicable to Yugoslav seamen even when in foreign countries.

The sole remaining question is whether or not, in view of the invasion of the country by the German armed forces, the libellant has any remedy. The uncontradicted testimony is that the Yugoslav government is still functioning in exile in London. It is also shown, without dispute, that this very law is still being administered here in New York City. Mr. Nikoloric testified that a shipping committee has been organized of which the Yugoslav Minister in Washington is a member and which is composed, in addition, of representatives of ship-owners, captains, crews and enginemen of Yugoslav ships. This commission acts in an advisory capacity to the government in Washington and to the Consulate in New York City in all maritime matters. Prior to the German invasion, an injured seaman could apply for relief to the Consulate here, which would take it up and refer it to the insurance fund in Yugoslavia. The money paid under the act by the ship-owners and employers was then sent to Yugoslavia. Since this cannot be done now, and in order to create a fund here, these payments have been deposited by the Consulate in the Chase National Bank in this city, and out of it payments are made under the statute in question. It is shown without dispute, that that commission is actually functioning, and if this man is entitled to recover, he can be paid under the statute in question. Mr. Nikoloric was corroborated in part in his testimony, by that of Mr. Bodenlitch, the secretary to the Royal Yugoslav Consulate General, who testified that the commission mentioned is now functioning in New York City to handle claims for seamen injured on board Yugoslav vessels, and that the Yugoslav government is now functioning, its main office being in London. He stated that the shipping committee was located at 11 Broadway, and was composed of the representatives of the shipowners and the various classes of maritime workers; that the committee is in the nature of an arbitration board, and functions under the chairmanship of the representative of the Royal Yugoslav Legation in Washington, has power to consider claims of seamen, and to render advice as to action which should be taken to the Royal Yugoslav Legation in Washington, which is the representative of the government in exile. He further stated that the libellant could go before this commission, file his claim by petition to the Consulate, which would be turned over to the arbitration board; usually a special committee would then be organized, consisting of members of the council who would prepare a résumé of the case, and then the case would be set down for a hearing, following which the decision would be made.

It would seem, therefore, that the libellant's remedy is under the Insurance Law of the country of which he is a citizen. His libel is, therefore, dismissed upon the merits, but without costs.