MICHIGAN CONFERENCE ASSOCIATION OF SEVENTH-DAY
ADVENTISTS v COMMISSION OF NATURAL RESOURCES

1. WATERS AND WATER COURSES—PRIVATE LAKES—NAVIGABLE WA-
   TERS—PUBLIC RIGHTS.

   A lake is privately owned, and is not a public, navigable body of
   water, where the lake is completely surrounded by privately
   owned land, the lake is untouched by any public road, and it
   has no inlet and one outlet creek; therefore, the owner of the
   surrounding tract of land may exclude the public from the
   lake.

2. NAVIGABLE WATERS—LAKES—OUTLET CREEKS.

   The navigability of a lake, *i.e.,* whether it is open to public use, is
   not necessarily determined by the navigability of the lake's
   outlet creek.

3. NAVIGABLE WATERS—LAKES—ACCESS BY WATER—ACCESS BY HIGH-
   WAY.

   The availability of access to a lake by water or by highway does
   not necessarily mean that the lake is open to public use and
   navigable.

Appeal from Ingham, Ray C. Hotchkiss, J. Sub-
mitted January 12, 1976, at Lansing. (Docket No.
22337.) Decided July 19, 1976.

Complaint by the Michigan Conference Associa-
tion of Seventh-Day Adventists against the Com-
mission of Natural Resources and others for a
declaratory judgment that Shellenbarger Lake is
nonnavigable and privately owned. Judgment for
plaintiff. Defendants appeal. Plaintiff cross-ap-
peals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 78 Am Jur 2d, Waters §§ 51–54.
[2] 78 Am Jur 2d, Waters §§ 43, 57.
[3] 78 Am Jur 2d, Waters §§ 93, 94.

*Fraser, Trebilcock, Davis & Foster* (by *Donald A. Hines* and *Michael E. Cavanagh)*, for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jerome Maslowski* and *Russell E. Prins,* Assistants Attorney General, for defendants.

Amicus Curiae: *Casey, Cavanagh & O'Neill,* for John A. Bott.

Before: N. J. KAUFMAN, P. J., and T. M. BURNS and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Defendant appeals from a declaratory judgment and permanent injunction. The judgment declared that Shellenbarger Lake in Crawford County was a nonnavigable body of water privately owned by plaintiff; the judgment further declared that the portion of Shellenbarger Creek between the lake and the M-72 highway bridge across the creek was also nonnavigable and private. The permanent injunction barred all persons, including the general public, from trespassing on the lake and the portion of the creek.

Shellenbarger Lake is a 103.7-acre, unmeandered, springfed lake located within a tract of land owned by plaintiff. The lake is completely surrounded by plaintiff's land and untouched by any public road. It possesses no inlet and one outlet, the creek, which flows north from the lake to the AuSable River. The land on both sides of the creek from the lake to the M-72 bridge is owned by plaintiff.

Plaintiff purchased the tract in 1947. The only development is a children's camp located on the lake. In the early 1950's plaintiff fenced in a portion of the land and posted notices that mem-

bers of the public would have to seek permission from plaintiff to use the area. Fishermen and others continued to use the lake and area without permission and interfered with the camp and its use of the lake. In 1972, in order to complete a hiking trail around the lake, plaintiff built a foot bridge across the creek. This created an obstruction preventing fishermen from canoeing up the creek to the lake. The Crawford County Prosecutor informed plaintiff that the bridge was in violation of MCLA 281.735, 281.736; MSA 11.455, 11.456, MCLA 254.22; MSA 9.1192, and Const 1963, art 7, § 12, and that unless it was removed he would institute legal action. Plaintiff then filed this civil action requesting the declaratory judgment and injunction, both of which the circuit court granted.

At issue is plaintiff's right to exclude the public from the waters of Shellenbarger Lake. Disposition of this issue is controlled by the rule of property established in a line of Michigan decisions. See *Pigorsh v Fahner,* 386 Mich 508; 194 NW2d 343 (1972), *Putnam v Kinney,* 248 Mich 410; 227 NW 741 (1929), *Winans v Willetts,* 197 Mich 512; 163 NW 993 (1917). Under that case law Shellenbarger Lake is private and plaintiff may exclude all others from the lake, general public included.

In *Pigorsh* the lake was 74 acres in size and had no inlet and no outlet. It was completely surrounded by plaintiffs' lands. In *Putnam* the lake was 112 acres in size and had no inlet and no outlet. Plaintiffs' lands completely surrounded the lake, although along one side ran a public highway, from which the public had access to the lake. In *Winans* the lake was about 100 acres in size. It had no inlet except small, spring-fed streams and one outlet which connected to two other lakes and

eventually the Huron River. A boat, if small enough, could be floated from the river to the lake. Furthermore, from a public highway one could step directly into the lake. In all three cases the lakes were held to be private. In *Pigorsh* the Court found *Putnam* to be "on all fours". 386 Mich at 513. In *Putnam* the Court relied on and followed *Winans*, stating expressly: "The rule of *Winans v Willetts, supra,* governs". 248 Mich at 415.

*Winans* is the case factually closest to the present one. Shellenbarger Lake is about the same size as the lake in *Winans.* As in *Winans* the lake has no inlet and one small outlet, a shallow, narrow creek. In both cases the lake is completely surrounded by privately owned land. The only major distinction is that in *Winans* the public had an additional means of access, the public road. On the basis of *Winans* (and *Putnam* and *Pigorsh* as well) we conclude that Shellenbarger Lake is "not a public, navigable body of water" but "a privately owned pond". 197 Mich at 518.

From the record it is clear that in the circuit court the question whether Shellenbarger Lake was public, or open to public use, and navigable was thought to depend on whether Shellenbarger Creek was navigable and open to public use. However, under *Winans,* the navigability of a lake *(i.e.,* whether it is open to public use) is not necessarily determined by the navigability of its outlet creek.[1] Accordingly, the availability of access by water, or from a highway, to a lake which is otherwise private does not necessarily mean that the lake is open to public use and in that sense navigable. *Winans v Willetts, supra.* Whether or not Shellenbarger Creek is navigable and open to public use,

---

[1] In *Winans* the Court posited that the outlet was in fact navigable. *See* 197 Mich at 518.

Shellenbarger Lake is private. Even if the outlet creek were navigable, and access by water to the lake thus available, the lake would still be private.

There was conflicting testimony below as to the boatability of Shellenbarger Creek south of M-72. Because of this as well as the size of the creek, the absence of any prior logging history, and the exclusive ownership of the land on both sides of the creek by plaintiff, the court below determined this portion of the creek to be nonnavigable and private. We agree with this determination. It is supported by the record and by the decisions in *Shepard v Gates,* 50 Mich 495; 15 NW 878 (1883), and *In re Martiny Lakes Project,* 381 Mich 180; 160 NW2d 909 (1968).

Having made the foregoing determinations we find it unnecessary to reach the constitutional issues raised in plaintiff's cross-appeal. The judgment of the trial court is affirmed. No costs, as a public question is involved.