STATE OF MICHIGAN *ex rel* ALLEGAN PROSECUTOR v THE
SUMMER SCHOOL OF PAINTING AT SAUGATUCK, INC

Docket No. 47198. Submitted November 19, 1980, at Grand Rapids.—
Decided April 21, 1981. Leave to appeal applied for.

The Allegan County Prosecutor brought this action in Allegan
Circuit Court seeking a mandatory judgment enjoining defen-
dants, The Summer School of Painting at Saugatuck, Inc., and
Mary K. Bettles, from interfering with public use of the waters
of Oxbow Lake. Defendants argued that the lake is a private
lake with no navigable entrance, surrounded entirely by pri-
vate property, and that the public has no right to trespass
thereon. The trial court held that Oxbow Lake is a public lake
that can be used by the general public so long as governmental
agencies do not prohibit such use. Further, the trial court held
that the swamp or channel that exists between the Kalamazoo
River and Oxbow Lake is navigable and may be used as a
means of ingress and egress so long as a recreational boat with
passengers aboard can pass along it without touching its bot-
tom. The court enjoined defendants from interfering with or
prohibiting public use of Oxbow Lake, George R. Corsiglia, J.
Defendants appeal. *Held:*

1. The trial court did not err in finding that the swamp or
channel between the Kalamazoo River and Oxbow Lake is
navigable. A body of water is navigable if it is used for commer-
cial purposes, if it has the capacity to float logs or if it is useful
for recreational purposes. The fact that a body of water is
navigable only at certain times of the year does not alter its
status as a navigable body of water.

2. The trial court erred in finding that defendants do not own
to the thread or middle of Oxbow Lake. A grant of land
bounded by a watercourse conveys riparian rights which extend
to the middle line of the lake or stream unless the boundary

REFERENCES FOR POINTS IN HEADNOTES

[1] 78 Am Jur 2d, Waters, §§ 61, 62.
[2] 78 Am Jur 2d, Waters § 64.
[3] 78 Am Jur 2d, Waters § 269.
[4] 78 AM Jur 2d, Waters §§ 44, 51.

line is so described as to preclude the extension of the grant by construction to the center. Defendants' title description does not prevent them from owning to the thread of Oxbow Lake. Because the defendants own to the middle of the lake and because the lake is a dead-end lake, the public has no right to use the lake even if the swamp or channel is navigable.

Reversed and remanded to the trial court with direction to enter a judgment in favor of defendants.

1. NAVIGABLE WATERS — NAVIGABILITY.

A body of water is navigable if it is used for commercial purposes, if it has the capacity to float logs or if it is useful for recreational purposes.

2. NAVIGABLE WATERS — SEASONAL NAVIGABILITY.

A body of water is considered to be a navigable body of water even if it meets the test of navigability only at certain times of the year.

3. BOUNDARIES — WATERS AND WATERCOURSES — RIPARIAN RIGHTS.

A grant of land bounded by a watercourse conveys riparian rights which extend to the middle line of an inland lake or stream unless the boundary line is so described as to preclude the extension to the center and the grantor specifically reserves the riparian rights unto himself.

4. WATERS AND WATERCOURSES — PRIVATE LAKES — NAVIGABLE WATERS — PUBLIC ACCESS.

A lake is privately owned, and is not a public navigable body of water, where the lake is a dead-end lake completely surrounded by privately owned land; the fact that there is a navigable means of ingress and egress is immaterial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Fred R. Hunter, III,* Prosecuting Attorney, and *Kirby J. Goodwin,* Chief Assistant Prosecutor, for plaintiffs.

*Hoffman & Watts,* and *Garrett J. Troff & Associates, P.C.* (by *Gerald H. Moffat),* for defendants on appeal.

Before: MacKENZIE, P.J., and T. M. BURNS and BASHARA, JJ.

T. M. Burns, J. Defendants appeal as of right a decision of the Allegan County Circuit Court finding that Oxbow Lake is a public lake, that there exists a navigable entrance to it, and that an injunction should issue prohibiting defendants from interfering with public access to the lake.

Defendants are owners of property abutting Oxbow Lake. They do not dispute the contention that they ordered members of the public, who had gained access to Oxbow Lake through what defendants characterize as a "swamp", to stay off of the lake. It was, and is, defendants' position that because this entrance to the lake is nonnavigable and because the lake is completely surrounded by private land the public has no right to use the lake.

In an order dated August 20, 1979, the lower court held that Oxbow Lake was a public lake that could be used by the general public so long as access to it was not gained by trespass and so long as governmental agencies did not prohibit such use. The lower court also held that the "swamp" or channel that exists between the Kalamazoo River and Oxbow Lake is navigable and may be used as a means of ingress and egress so long as a recreational boat with passengers aboard can pass along it without touching its bottom. Finally, the lower court enjoined defendants from interfering or prohibiting public use of Oxbow Lake. Defendants now appeal, and we reverse.

We reject defendants' first claim of error that the lower court erred in finding that the swamp or channel between the Kalamazoo River and Oxbow Lake is navigable.

A body of water is navigable if it is used for commercial purposes, if it has the capacity to float logs, or if it is useful for recreational purposes.

*Nicholas v McDaniel,* 88 Mich App 120, 124; 276 NW2d 538 (1979). Further, a body of water may be navigable only at certain times. *Thunder Bay River Booming Co v Speechly,* 31 Mich 335, 343; 18 Am Rep 184 (1875).

Defendants accept as the test for navigability the recreational use test, although they claim that the recreational use must be a reasonable one. The trial judge visited the site of the swamp and inspected it. Based upon his observations, and the evidence at trial, the judge concluded that the channels or "cuts" in the swamp occurred naturally, although there existed some evidence of some chopping or cutting of brush. In light of the fact that there is uncontested evidence in the record that several persons had travelled in their boats between the Kalamazoo River and Oxbow Lake via this swamp, we cannot say that the lower court erred in ruling that the swamp or channel is navigable.

Defendants' second argument is that the lower court erred in finding that the defendant Summer School does not own to the thread or middle of Oxbow Lake. The defendant Summer School claims that because it owns to the middle of the lake and because the lake is a dead-end one the public has no right to use the lake even if the swamp or channel is navigable.

Defendants glean support for their position from an opinion of the Michigan Supreme Court in *The Grand Rapids Ice & Coal Co v The South Grand Rapids Ice & Coal Co,* 102 Mich 227, 236; 60 NW 681; 47 Am St Rep 516; 25 LRA 815 (1894). There the Supreme Court held that, "[u]nless the contrary appear, a grant of land bounded by a watercourse conveys riparian rights * * * and the title of the riparian owner extends to the middle line of

the lake or stream of the inland waters * * *. A boundary line may be so described as to preclude the extension of the grant by construction to the center of the stream."

Plaintiff argues that the description of defendants' land prevents the extension of their title to the thread of Oxbow Lake. In pertinent part, defendants' abstract of title indicates that they had title to "[t]hat part of the S[outh] fraction of Sec[tion] 4, T[own] 3 N[orth], R[ange] 16 W[est], also known as Oxbow, com[mencing] at a cedar post set down by an oak spile in the pier between Sec[tion] 4 & 9, thence S[outh] 59 r[o]ds to E[ast] and W[est] sec[tion] line to a red cedar stake * * *". The lower court was of the opinion that this description prevented defendants from owning to the thread of Oxbow Lake.

In *Schweikart v Stivala,* 329 Mich 180, 191; 45 NW2d 26 (1950), the Supreme Court held that a description of land as only "Lot 57" was sufficient to pass riparian rights where a seller did not indicate that he reserved those rights in himself. Similarly, it has been held that a deed describing a property line as extending 30 feet into the lake from the low water mark was not sufficient to prevent the buyer from owning to the thread, because the seller made no reservations. *Blain v Craigie,* 294 Mich 545, 549; 293 NW 745 (1940). Finally, our Supreme Court has held that a deed that described the land conveyed as no farther than six rods from the rear line into the bay would not prevent the conveyance of riparian rights. *Richardson v Prentiss,* 48 Mich 88, 93; 11 NW 819 (1882).

From the foregoing, we conclude that defendants' title description does not prevent them from owning to the thread of Oxbow Lake. As a conse-

quence, the lower court erred when finding to the contrary when interpreting defendants' abstract of title.

Further, we agree with defendants' argument that Oxbow Lake is a dead-end private lake. *Michigan Conference Ass'n of Seventh-Day Adventists v Comm of Natural Resources,* 70 Mich App 85; 245 NW2d 412 (1976). The case of *Nicholas, supra,* is distinguishable because in this case no owner of land surrounding Oxbow Lake is attempting to have access to or from the Kalamazoo River.

Reversed and remanded to the lower court with direction to enter a judgment in favor of defendants.